IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MAERSK LINE,<br><br>　　　　Plaintiff<br><br>v.<br><br>BIOFIX HOLDING, INC.<br><br>　　　　Defendant. | § § § § § § § § § § § | Cause No. _____<br>IN ADMIRALTY<br><br>JURY DEMAND |

## ORIGINAL COMPLAINT AND JURY DEMAND

Maersk Line complains of Biofix Holding, Inc. and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.　　The Court has jurisdiction under 28 U.S.C. §§1331 and 1333. This matter arises under the laws of the United States, in particular, *The Shipping Act of 1984*, (as amended) 46 U.S.C. §§40101, et seq. (hereinafter "The Act"), and involves contract(s) within the jurisdiction or claims pendent or ancillary to the same. This is an admiralty and maritime claim.

2.　　Maersk Line (hereinafter "Plaintiff") is a common carrier by water, *inter alia*, in the interstate and foreign commerce of the United States as defined in The Act and was such a common carrier for the benefit of Biofix Holding, Inc. ("Biofix" or "Defendant").

3.　　Defendant is and was at all times herein mentioned a corporation, with its principal place of business in this district and is and was a legal entity capable of being sued. Biofix may be served process through its designated agent for service of process in the State of Texas, Dwaine Boydstern, 10555 Newkirk, Suite 500, Dallas, Texas 75220.

4.　　Venue is proper in this judicial district because it is where the claim arose and Defendant does business in the district.

## COUNT I

### MONEY DUE UNDER TARIFF

5. Plaintiff has filed a schedule of its rates and charges and service contracts for the carriage of cargo, wharfage, dockage, demurrage and detention with the Federal Maritime Commission or has otherwise maintained said rates and charges pursuant to The Act. Pursuant to The Act, Plaintiff is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts. The Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

6. Plaintiff transported cargo for the benefit of Defendant during 2008-2009 in the foreign commerce of the United States. Such transportation and services provided are evidenced by Plaintiff's service contracts, bills of lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference. Plaintiff has fully performed its tariff obligations. A summary of relevant bills of lading and invoices is attached as Exhibit "A."

7. Plaintiff has demanded that Defendant pay the full amount due of $169,928.42.

8. Defendant has knowingly and willfully failed and refused to pay Plaintiff the full amount due.

9. Consequently, Defendant is liable to Plaintiff in the amount of $169,928.42, plus reasonable attorneys' fees and interest thereon.

## COUNT II

### BREACH OF CONTRACT

10. Plaintiff refers to paragraphs 1 through 9 of this complaint and incorporates them herein by this reference.

11. Said transportation was performed pursuant to a written contract(s) of carriage between Plaintiff and Defendant, as evidenced by said bills of lading and/or invoices listed in Exhibit "A."

12. Plaintiff has fully performed its obligations under said contracts except those obligations, if any, which Plaintiff was excused from performing.

13. Plaintiff has demanded that Defendant pay the amount due under said contracts, and the Defendant has refused to pay thereon.

14. Consequently, Defendant is liable to Plaintiff in the amount of $169,928.42, plus reasonable attorneys' fees and interest thereon.

## COUNT III

### WORK AND LABOR PERFORMED

15. Plaintiff refers to paragraphs 1 through 14 of this complaint and incorporates them herein by this reference.

16. Within the last four (4) years, Defendant became indebted to Plaintiff for work and labor performed by Plaintiff for the benefit of Defendant, as evidenced in Exhibit "A" for which Defendant agreed to pay Plaintiff.

17. Despite due demand, the sum of $169,928.42 is now due, owing and unpaid for said work and labor performed.

## COUNT IV

### ACCOUNT STATED

18. Plaintiff refers to paragraphs 1 through 17 of this complaint and incorporates them herein by this reference.

19. Within the last four (4) years, an account was stated in writing as described by Exhibit "A" by and between Plaintiff and Defendant wherein it was agreed that Defendant was indebted to Plaintiff.

20. Despite due demand, the sum of $169,928.42 is now due, owing and unpaid on said account stated.

## PRAYER

Wherefore, Maersk Line prays for judgment against Biofix Holding, Inc. as follows:

    a.    For judgment in the amount of $169,928.42;

    b.    For the costs of collection, according to proof;

    c.    For costs of suit incurred herein, according to proof;

    d.    For pre-judgment and post-judgment interest;

    e.    For reasonable attorneys' fees; and

    f.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY

Maersk Line demands a Trial by Jury pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

Respectfully submitted,

By:   */s/ Eric D. Archer*
**ERIC D. ARCHER**
Texas Bar No. 01287500
earcher@cowlesthompson.com

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR MAERSK LINE**